IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:07CV693-WKW |
| | ) |
| ONE PARCEL OF PROPERTY | ) |
| LOCATED AT 5138 COUNTY ROAD | ) |
| 636, ENTERPRISE, COFFEE | ) |
| COUNTY, ALABAMA, WITH ALL | ) |
| APPURTENANCES AND | ) |
| IMPROVEMENTS THEREON, | ) |
| | ) |
| DEFENDANT. | ) |

Received 2007 JUL 31 P 12:03

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States of America, by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is an action pursuant to Title 18, United States Code, Section 985, to forfeit and condemn to the use and benefit of the United States of America certain real property and premises, located at 5138 County Road 636, Enterprise, Coffee County, Alabama, with all appurtenances and improvements thereon, in accordance with Title 21, United States Code, Section 881.

## THE DEFENDANT IN REM

2.  The defendant in this action is real property located at 5138 County Road 636, Enterprise, Coffee County, Alabama, with all appurtenances and improvements thereon, more particularly described as follows:

> Beginning at the intersection of the south right of way of "old County Road 14", now known as Coffee County Road 636, and the east right of way of the Holloway Tabernacle Church Road, now known as Coffee County Road 639, then in a north easterly direction along the right of way of Coffee County Road 636 the distance of 616.49 feet to the point of beginning, said point marking the most northwesterly boundary of the larger parcel of Johnnie Grimes as referenced by that deed recorded at Book 45, Page 235, of the records of the Office of the Judge of Probate of Coffee County, Alabama, thence from said point of beginning southerly 420 feet to a point, thence easterly 210 feet to a point, thence northerly 420 feet to the right of way of Coffee County Road 636, thence westerly along said right of way to the point of beginning, this being two acres more or less on the west side of and carved from that parcel of land of Johnnie P. Grimes.

The record owner of the defendant real property is Johnnie Grimes.

3.  The defendant real property has not been seized but it is located within this district and within the jurisdiction of the Court. The United States does not request authority from the Court to seize the defendant real property at this time. The United States will, as provided by 18 U.S.C. §985(b)(1) and (c)(1):

   a) post notice of this action and a copy of the complaint on the defendant real property;

   b) serve notice of this action on the defendant real property owner, and any other person or entity who may claim an interest in the defendant, along with a copy of this Complaint;

   c) execute a writ of entry for purposes of conducting an inspection and inventory of the property, if required;

   d) file a lis pendens in county records of the defendant real property's status as a defendant in this in rem action.

The United States will also, as provided by 19 U.S.C. § 1606, appraise the defendant real property.

JURISDICTION AND VENUE

4. The United States brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. This Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1395 and 21 U.S.C. § 881(j), because the acts or omissions giving rise to the forfeiture occurred in this district and the property is located within the Middle District of Alabama.

## BASIS FOR FORFEITURE

7. The United States brings this action *in rem*, in its own right to forfeit and condemn the defendant property under 21 U.S.C. § 881(a)(7).

8. The United States seeks to forfeit the defendant real property, including any right, title and interest in the whole of any lot or trace and any appurtenances or improvements thereon, because it was used or intended to be used, to commit, or to facilitate the commission of a violation of 21 U.S.C. § 841(c), and a conspiracy to commit the same offense. Because the defendant real property facilitated a violation of 21 U.S.C. § 841(c), and a conspiracy to commit the same offense, offenses punishable by more than one year's imprisonment, it is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).

## FACTS

9. The facts and circumstances supporting the seizure and forfeiture of the Defendant property are:

a) Law enforcement agents became aware through numerous arrests and convictions that the owners and/or employees of Grimes Grocery were aiding and abetting methamphetamine cooks by selling products containing pseudoephedrine.

b) Pseudoephedrine is a "listed chemical" within the meaning of 21 U.S.C. § 841(c). See 21 U.S.C. § 802(33) & 802(34)(K). Pseudoephedrine is a precursor chemical important to the manufacture of methamphetamine, a Schedule I controlled substance.

c) In 2001 and 2002, law enforcement officers began an operation to expose stores and persons within the stores who were providing pseudoephedrine in large quantities. During this investigation, law enforcement officers were advised that individuals at Grimes Grocery were selling all the items needed to produce methamphetamine.

d) Johnnie Grimes is the owner of Grimes Grocery. At the time of the offense, the defendant real property was part of the parcel of real property upon which Grimes Grocery was located.

e) On or about January 24 and 25, 2002, a cooperating individual (CI) went to Grimes Grocery and purchased pseudoephedrine from Houston Mike Holly (Holly), the store manager at Grimes Grocery. The CI purchased 5 bottles on January 24 and 100 bottles on January 25 at $15.00 per bottle.

f) During the January 25, 2002 purchase the CI spoke with Holly concerning the intended use of the pseudoephedrine, making it plain to Holly that the pseudoephedrine would be used for manufacturing methamphetamine. The CI told Holly that she would need more pseudoephedrine at a later date. Holly stated that he could get more and would reduce the price by $1.00 upon her return. The CI told Holly that it is helpful to make all purchases at one place. Holly indicated that he could sell the supplies to her by the case and give her a discount. The CI asked Holly whether she would have to be in and out of the store 30 times to purchase the pseudo 60's. Holly said "no" and that he would work with her.

g) Johnnie Grimes was present the first time the CI purchased pseudoephedrine. The CI asked Holly who Grimes was and who should she ask for when coming into the store to purchase the 100 bottles. Holly told her that Grimes was alright and she could ask for him or do business with Grimes because they both knew what was going on.

h) Johnnie Grimes agreed to forfeit the defendant real property at his sentencing in criminal case number 1:05cr152-T.

<u>CLAIM FOR RELIEF</u>

9. The United States repeats and realleges each and every allegation set forth in Paragraphs 1 through 8(h) above.

10. 18 U.S.C. § 985(c)(3) provides that, because the United States will post notice of this Complaint on the defendant real

property, it is not necessary for the Court to issue an arrest warrant in rem, or to take any other action to establish in rem jurisdiction over the defendant real property. 18 U.S.C. § 985(b)(2) states that "the filing of a lis pendens and the execution of a writ of entry for the purpose of conducting an inspection and inventory of the property shall not be considered a seizure under this subsection."

WHEREFORE, that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the property; that the defendant property be forfeited and condemned to the United States; that the United States be awarded its costs and disbursements in this action and for such other and further relief as this Court deems proper and just.

Respectfully submitted this the 30th day of July, 2007.

FOR THE UNITED STATES ATTORNEY
LEURA G. CANARY

_____
John T. Harmon [HAR108]
Assistant United States Attorney

Address of Counsel:

Office of the United States Attorney
Middle District of Alabama
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone: (334) 223-7280
Facsimile: (334) 223-7560
E-mail: John.Harmon@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STATE OF ALABAMA        )
COUNTY OF MONTGOMERY    )

## VERIFICATION

I, Tony Helms, hereby verify and declare under penalty of perjury that I am a Deputy with the Geneva County Sheriff's Office, that I have read the foregoing Verified Complaint in rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and, as to those matters, I believe them to be true.

The sources of my knowledge and information are the official files and records of the United States and other law enforcement agencies, information supplied to me by other law enforcement officers, and the investigation of this case by myself and others.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct this 30th day of July, 2007.

_____
TONY HELMS
Geneva County Sheriff's Office

Sworn to and subscribed before me this the 30th day of July, 2007.

_____
Notary Public
Commission Expires: 9.23.09

8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:07CV693-WKW |
| ) | |
| ONE PARCEL OF PROPERTY ) | |
| LOCATED AT 5138 COUNTY ROAD ) | |
| 636, ENTERPRISE, COFFEE ) | |
| COUNTY, ALABAMA, WITH ALL ) | |
| APPURTENANCES AND ) | |
| IMPROVEMENTS THEREON, ) | |
| ) | |
| DEFENDANT. ) | |

NOTICE OF COMPLAINT FOR FORFEITURE AGAINST REAL PROPERTY

Notice is hereby given that a civil complaint seeking forfeiture pursuant to 21 U.S.C. § 881 has been filed in the United States District Court for the Middle District of Alabama by Leura G. Canary, United States Attorney, on behalf of the United States of America against the defendant property. The complaint alleges that said property may, for the causes stated in the complaint, be condemned as forfeited to the United States.

The defendant property is more particularly described as follows:

> Beginning at the intersection of the south right of way of "old County Road 14", now known as Coffee County Road 636, and the east right of way of the Holloway Tabernacle Church Road, now known as Coffee County Road 639, then in a north easterly direction along the right of way of Coffee County Road 636 the distance of 616.49 feet to the point of beginning, said point marking the most northwesterly boundary of the larger parcel of Johnnie Grimes as referenced by that deed

recorded at Book 45, Page 235, of the records of the Office of the Judge of Probate of Coffee County, Alabama, thence from said point of beginning southerly 420 feet to a point, thence easterly 210 feet to a point, thence northerly 420 feet to the right of way of Coffee County Road 636, thence westerly along said right of way to the point of beginning, this being two acres more or less on the west side of and carved from that parcel of land of Johnnie P. Grimes.

YOU ARE, THEREFORE, HEREBY COMMANDED to provide notice of this action to all persons thought to have an interest in or claim to the defendant property and that you promptly, after execution of this process, file the same in this Court with your return thereon.

All persons claiming an interest in or claim against the defendant property, and who have received direct notice of the forfeiture action, must file a verified claim with the Clerk of this Court asserting that interest, in the manner set forth in 18 U.S.C. § 983(a)(4)(A) and Supplemental Rule G(5), such claim must be filed not later than 30 days after the date of service of the Complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the Complaint or as otherwise specified by Supplemental Rule G(5).  In addition, any person having filed such a claim shall also serve and file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within twenty (20) days after filing the claim.

Supplemental Rule G(5) provides in pertinent part: "The claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D)."

Claims and answers are to be filed with Debra P. Hackett, Clerk of Court, U.S. District Court, Frank M. Johnson U.S. Courthouse Complex, One Church Street, Montgomery, Alabama 36104, with a copy thereof sent to Assistant United States Attorney John T. Harmon, Office of the United States Attorney for the Middle District of Alabama, Post Office Box 197, Montgomery, Alabama 36104. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

All persons and entities who have an interest in the defendant property may, in addition to filing a claim or in lieu of the filing of a claim, submit a Petition for Remission or Mitigation of the forfeiture for a non-judicial determination of this action pursuant to 28 C.F.R. Part 9.

Additional procedures and regulations regarding this forfeiture action are found at 19 U.S.C. § 1602-1619, 28 C.F.R. § 9 and 18 U.S.C. § 985.

In accordance with 18 U.S.C. § 985, this Notice shall be posted on the defendant property and served on the property owner, along with a copy of the Complaint for Forfeiture.

                                                  JESSE SEROYER, JR.
                                                  UNITED STATES MARSHAL
                                                  MIDDLE DISTRICT OF ALABAMA