```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

UNITED STATES OF AMERICA,    )
                             )
    Plaintiff,               )
                             )
        v.                   )   CASE NO. 1:07cv693-WKW
                             )
ONE PARCEL OF PROPERTY       )
LOCATED AT 5138 COUNTY ROAD  )
636, ENTERPRISE, COFFEE      )
COUNTY, ALABAMA, WITH ALL    )
APPURTENANCES AND            )
IMPROVEMENTS THEREON,        )
                             )
    Defendant.               )
```

## BRIEF AND MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT

The United States of America (United States), by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and Tommie Brown Hardwick, Assistant United States Attorney, hereby respectfully submits the following Brief and Memorandum of Law in Support of its Motion for Summary Judgment:

### PRELIMINARY STATEMENT

The United States filed this civil forfeiture action on July 31, 2007, seeking forfeiture of the Defendant property located at 5138 County Road 636, Enterprise, Coffee County, Alabama, with all appurtenances and improvements thereon. The United States moves for summary judgment because there is no genuine issue of material

1

fact requiring a trial regarding the forfeiture of the Defendant real property.

## STATEMENT OF THE CASE

A.  <u>Facts</u>.

The United States adopts and alleges the facts as found in the Amended Verified Complaint, Paragraphs 9(a) through 9(h). These facts are sworn to and verified and the original Verification is filed with this Court. Paragraph numbers 9(a) through 9(h), are as follows:

- a) Law enforcement agents became aware through numerous arrests and convictions that the owners and/or employees of Grimes Grocery were aiding and abetting methamphetamine cooks by selling products containing pseudoephedrine.

- b) Pseudoephedrine is a "listed chemical" within the meaning of 21 U.S.C. § 841(c). See 21 U.S.C. § 802(33) & 802(34)(K). Pseudoephedrine is a precursor chemical important to the manufacture of methamphetamine, a Schedule I controlled substance.

- c) In 2001 and 2002, law enforcement officers began an operation to expose stores and persons within the stores who were providing pseudoephedrine in large quantities. During this investigation, law enforcement officers were advised that individuals at Grimes Grocery were selling all the items needed to produce methamphetamine.

- d) Johnnie Grimes is the owner of Grimes Grocery. At the time of the offense, the defendant real property was part of the parcel of real property upon which Grimes Grocery was located.

- e) On or about January 24 and 25, 2002, a cooperating individual (CI) went to Grimes Grocery and purchased pseudoephedrine from Houston Mike Holly (Holly), the store manager at Grimes Grocery. The

        CI purchased 5 bottles on January 24 and 100 bottles on January 25 at $15.00 per bottle.

f) During the January 25, 2002 purchase the CI spoke with Holly concerning the intended use of the pseudoephedrine, making it plain to Holly that the pseudoephedrine would be used for manufacturing methamphetamine. The CI told Holly that she would need more pseudoephedrine at a later date. Holly stated that he could get more and would reduce the price by $1.00 upon her return. The CI told Holly that it is helpful to make all purchases at one place. Holly indicated that he could sell the supplies to her by the case and give her a discount. The CI asked Holly whether she would have to be in and out of the store 30 times to purchase the pseudo 60's. Holly said "no" and that he would work with her.

g) Johnnie Grimes was present the first time the CI purchased pseudoephedrine. The CI asked Holly who Grimes was and who should she ask for when coming into the store to purchase the 100 bottles. Holly told her that Grimes was alright and she could ask for him or do business with Grimes because they both knew what was going on.

h) Johnnie Grimes agreed to forfeit the defendant real property at his sentencing in criminal case number 1:05cr152-T.

ARGUMENT

SUMMARY JUDGMENT SHOULD BE GRANTED
BECAUSE THERE IS NO GENUINE ISSUE OF
MATERIAL FACT REQUIRING A TRIAL

A. <u>The Standard for Granting Summary Judgment</u>.

Rule 56(c) of the Federal Rules of Civil Procedure provides that a court should render summary judgment if it concludes that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party seeking summary judgment bears the initial burden

of establishing "the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986) (quoting Rule 56(c)). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-8, 106 S.Ct. 2505, 2510 (1986) (emphasis in original); See also Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86, 106 S.Ct. 1348, 1355-56 (1986).

Summary judgment is appropriate in civil forfeitures where this standard is met. See, e.g., United States v. One 1987 Mercedes Benz 300E, 820 F. Supp. 248 (E.D.Va. 1993) (granting summary judgment to government where there was no material issue of fact). Indeed, summary judgment may also be granted where claimant has asserted an innocent owner defense. See, e.g., United States v. One Parcel of Property Located at 755 Forest Road, 985 F.2d 70 (2d Cir. 1993) (rejecting innocent owner defense and affirming summary judgment granted against wife of target of narcotics investigation where narcotics and drug paraphernalia had been found in their shared bedroom); United States v. Property Located at 15 Black

Ledge Drive, 897 F.2d 97, 103 (2d Cir. 1990) (rejecting a wife's claim of no knowledge and affirming summary judgment); see also United States v. Premises Known as 717 South Woodward Street, 2 F.3d 529, 533 (3d Cir. 1993) ("It is clear that a claimant's bare denial of knowledge or consent may be insufficient to withstand summary judgment in a forfeiture case.").

Whether there is a genuine issue of fact for trial depends on the substantive law of the underlying case and the evidentiary burdens that law places on each party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 252-56 (noting that "the judge must view the evidence presented through the prism of the substantive evidentiary burden"); United States v. One Parcel of Real Property, 904 F.2d 487, 490 (9th Cir. 1990); Richards v. Neilsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Thus, in the instant case, the summary judgment rules must be "'construed in the light of the statutory law of forfeitures, and particularly the procedural requirements set forth therein.'" United States v. One 56-Foot Motor Yacht Named Tahuna, 702 F.2d 1276, 1281 (9th Cir. 1983) (quoting United States v. One 1975 Mercedes 280S, 590 F.2d 196, 199 (6th Cir.1978)).

The Court of Appeals for the Eleventh Circuit noted as follows:

> Under Fed.R.Civ.P 56(c), a district court should award summary judgment to the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file,

> together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The substantive law applicable to the case identifies which facts are material. A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."
>
> \* \* \* \* \*
>
> The moving party bears "the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." When the <u>nonmoving</u> party has the burden of proof at trial, the moving party is not required to "support its motion with affidavits or other similar material negating the opponent's claim," in order to discharge this "initial responsibility." Instead, the moving party simply may "`show[]'-- that is, point[] out to the district court -- that there is a absence of evidence to support the nonmoving party's case." Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial. If the moving party shows the absence of a triable issue of fact by either method, the burden on summary judgment shifts to the nonmoving party, who must show that a genuine issue remains for trial. If the nonmoving party fails to "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. (Cites omitted).

<u>United States v. Four Parcels of Real Property</u>, 941 F.2d 1428, 1437-1438 (11th Cir. 1991).

B. <u>Burden of Proof</u>.

Title 18, United States Code, Section 983 requires the United States to establish, by a preponderance, that the Defendant property is forfeitable.

C. <u>The Evidence Establishes That The Defendant Property is Forfeitable</u>.

The facts set forth in the statement of the case clearly establish that the Defendant property is subject to forfeiture.

Claimant agreed to the forfeiture of Defendant real property in his claim filed March 5, 2008.

On October 4, 2005, Claimant Johnnie P. Grimes (Claimant) entered into a plea agreement with the United States in which he affirmed that on January 24 and 25, 2002, he aided and abetted in the sell of 105 bottles of pseudoephedrine to a cooperating individual. Each bottle contained 36 tablets and each tablet contained 60 milligrams of pseudoephedrine. Claimant knew or had reason to believe the pseudoephedrine tablets were listed chemicals that would be used to manufacture methamphetamine. In order to facilitate the sale of pseudoephedrine, customers telephoned Grimes Grocery requesting pseudoephedrine and, after determining the supply was available, the customer immediately arrived at the store to make purchases.

Claimant affirmed this conduct was a violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

On May 25, 2006, a Judgment in a Criminal case was entered by Judge Myron Thompson in the case styled <u>United States v. Johnnie Grimes</u>, case number 1:05cr152-002-MHT. At his sentencing hearing, Claimant agreed to the forfeiture of the Defendant property.

An issue resolved in the government's favor in a criminal proceeding may not be challenged by a defendant in an attendant civil suit brought by the government. <u>United States v. Schumman, United States v. 82 Firearms</u>, 861 F.2d 1234, 1237 (11th Cir. 1988).

Accordingly, these facts are established conclusively for purposes of this motion.

## CONCLUSION

For the reasons stated above, the Court should enter judgment in favor of the United States that the Defendant real property is substantially connected to the criminal activity to which Johnnie P. Grimes pleaded guilty; that said property is subject to the agreement memorialized at his sentencing hearing; and, that the United States is entitled to a Decree of Forfeiture in accordance with said agreement.

The United States has shown that there is no genuine issue of material fact and the law favors the grant of summary judgment to the United States on the claim of Johnnie P. Grimes.

Respectfully submitted this 25th day of March, 2008.

        LEURA G. CANARY
        UNITED STATES ATTORNEY


**/s/Tommie Brown Hardwick**
TOMMIE BROWN HARDWICK
Assistant United States Attorney
Bar Number: ASB4152 W86T
131 Clayton Street
Montgomery, Alabama 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: tommie.hardwick@usdoj.gov


**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Sydney Albert Smith.

        Respectfully submitted,


        **/s/Tommie Brown Hardwick**
        TOMMIE BROWN HARDWICK
        Assistant United States Attorney