```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
|       **v.** ) | **CASE NO. 1:07cv693-WKW** |
| ) | |
| **ONE PARCEL OF PROPERTY** ) | |
| **LOCATED AT 5138 COUNTY ROAD** ) | |
| **636, ENTERPRISE, COFFEE** ) | |
| **COUNTY, ALABAMA, WITH ALL** ) | |
| **APPURTENANCES AND** ) | |
| **IMPROVEMENTS THEREON,** ) | |
| ) | |
|    **Defendant.** ) | |

**MOTION FOR DECREE OF FORFEITURE**

Pursuant to the Federal Rules of Civil Procedure and Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, the United States of America (United States) respectfully moves this Court for entry of a Decree of Forfeiture. This Motion is supported by the previously filed Verified Complaint for Forfeiture <u>In</u> <u>Rem</u> (Doc. #2) and Memorandum Opinion and Order (Doc. #19), forfeiting the defendant real property to the United States.

A proposed Decree of Forfeiture is submitted herewith.

Respectfully submitted this the 13th day of June, 2008.

>LEURA G. CANARY
>UNITED STATES ATTORNEY
>
>
>**/s/Tommie Brown Hardwick**
>TOMMIE BROWN HARDWICK
>Assistant United States Attorney
>Bar Number: ASB4152 W86T
>131 Clayton Street
>Montgomery, Alabama 36104
>Phone: (334) 223-7280
>Fax: (334) 223-7135
>E-mail: tommie.hardwick@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Sydney Albert Smith.

>Respectfully submitted,
>
>
>**/s/Tommie Brown Hardwick**
>TOMMIE BROWN HARDWICK
>Assistant United States Attorney

```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:07cv693-WKW |
| | ) |
| **ONE PARCEL OF PROPERTY** | ) |
| **LOCATED AT 5138 COUNTY ROAD** | ) |
| **636, ENTERPRISE, COFFEE** | ) |
| **COUNTY, ALABAMA, WITH ALL** | ) |
| **APPURTENANCES AND** | ) |
| **IMPROVEMENTS THEREON,** | ) |
| | ) |
| Defendant. | ) |

## DECREE OF FORFEITURE

Before the Court is the United States of America's ("United States") Motion for Decree of Forfeiture.

On July 31, 2007, the United States filed a complaint of forfeiture pursuant to 21 U.S.C. § 881(a)(7), alleging that the parcel of property located at 5138 County Road 636, Enterprise, Coffee County, Alabama, with all appurtenances and improvements thereon ("Defendant real property") was used or intended to be used to commit, or to facilitate the commission of, a violation of 21 U.S.C. § 841(c) and a conspiracy to commit the same offense. (Doc. #2).

It appearing that process was fully issued in this action and returned according to law:

On August 17, 2007, a United States Marshal personally served Johnnie Grimes with copies of the Verified Complaint for Forfeiture

In Rem and Notice of Complaint for Forfeiture Against Real Property (Doc. #5);

On August 17, 2007, a United States Marshal personally served Attorney Al Smith with copies of the Verified Complaint for Forfeiture In Rem and Notice of Complaint for Forfeiture Against Real Property (Doc. #6);

On August 20 and 27 and September 3, 2007, notice of this action was published in the Montgomery Advertiser newspaper (Doc. #10);

On August 22, 2007, Johnnie Grimes filed an answer to the Verified Complaint for Forfeiture In Rem (Doc. #4);

On March 5, 2008, February 1, 2006, Johnnie Grimes ("Claimant") filed his claim to the Defendant real property (Doc. #14);

On March 25, 2008, the United States filed its brief and memorandum of law (Doc. #16) requesting summary judgment on the grounds that no genuine issues of material fact existed since Claimant agreed to forfeit the Defendant real property in related criminal case number 1:05cr152 styled *United States v. Johnnie Grimes d/b/a Grimes Grocery*;

On April 25, 2008, Claimant filed a Response to Plaintiff's Motion for Summary Judgment and stated that he did not oppose Judgment in favor of the Government (Doc. #18);

On May 28, 2008, this Court entered its Memorandum Opinion and Order forfeiting the Defendant real property to the United States (Doc. #19);

No other claim or answer has been filed on behalf of any other party.

Now, therefore, on motion of the United States for a Decree of Forfeiture and for good cause otherwise shown, it is hereby:

**ORDERED, ADJUDGED** and **DECREED** that the Defendant property located at 5138 County Road 636, Enterprise, Coffee County, Alabama, with all appurtenances and improvements thereon, be forfeited to the United States and no right, title or interest in the property shall exist in any other party.  The Defendant property is located at 5138 County Road 636, Enterprise, Coffee County, Alabama, and is more particularly described as follows:

> Beginning at the intersection of the south right of way of "old County Road 14", now known as Coffee County Road 636, and the east right of way of the Holloway Tabernacle Church Road, now known as Coffee County Road 639, then in a north easterly direction along the right of way of Coffee County Road 636 the distance of 616.49 feet to the point of beginning, said point marking the most northwesterly boundary of the larger parcel of Johnnie Grimes as referenced by that deed recorded at Book 45, Page 235, of the records of the Office of the Judge of Probate of Coffee County, Alabama, thence from said point of beginning southerly 420 feet to a point, thence easterly 210 feet to a point, thence northerly 420 feet to the right of way of Coffee County Road 636, thence westerly along said right of way to the point of beginning, this being two acres more or less on the west side of and carved from that parcel of land of Johnnie P. Grimes.

The United States Marshal is hereby ORDERED to seize the above described property and take custody and control of it. All persons occupying said property shall be given Sixty (60) Days to vacate along with all personal property and possessions. The United States Marshal is expressly authorized to evict any person not vacating said property within the time specified by the United States Marshal. In the exercise of discretion, the United States Marshal is authorized to allow persons to remain in the above described property after seizure when such continued occupancy is warranted;

The Defendant property shall be disposed of according to law.

Each party shall bear their own costs.

DONE this the ____ day of June, 2008.

_____
UNITED STATES DISTRICT JUDGE